UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. CARLUCCIO,<br><br>Defendant. | Case No. 6:23-po-00196-HBK-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING MOTION FOR DISCOVERY WITHOUT PREJUDICE, AND RESETTING INITIAL APPEARANCE FOR JUNE 17, 2025 AT 1:00 P.M.<br><br>(Doc. No. 5) |

Before the Court is Defendant M. Carluccio's *pro se* motion. (Doc. No. 5). Defendant seeks dismissal of Violation No. 09910565 and/or discovery. To the extent discernable, Defendant appears to contest the jurisdiction of this Court and constitutionality of the subject violation and seeks to compel discovery to prove, *inter alia*, that he is subject to the Court's jurisdiction.

**BACKGROUND**

Defendant was charged in Violation No. 09910565 with driving without a valid license in violation of 36 § C.F.R 4.2(b), incorporating CAL. VEH. CODE § 12500(a) and issued a bailable citation in the amount of $350, plus a $30 processing fee. (Doc. No. 1). According to the probable cause statement in support of the Violation Notice, a Yosemite National Park Ranger was stationed in the Yosemite store parking lot when he noticed a Toyota silver Sienna enters the

1  parking lot with the driver and passenger acting suspiciously.  The plates for the vehicle came
2  back to a 1984 Toyota, but the Ranger confirmed that Toyota did not manufacture the Sienna
3  model until 1988.  After observing the vehicle exit the parking lot and turning without signaling
4  and the driver not wearing a seat belt, the Ranger initiated a vehicle stop.  Dispatch confirmed
5  that Defendant, the driver, had a suspended license from Oregon and a surrendered license out of
6  California.  Defendant stated that he had surrendered his California driving license, social security
7  number, and voting rights as he no longer was a citizen of the United States.  Defendant claimed
8  he had an international driver's license not issued by any state or  nation.
9       The Violation Notices, General Order 627, and Federal Rule Criminal Procedure 58(d)
10  provides a defendant with the option to post a fixed sum in lieu of a personal appearance.  It is
11  within a defendant's right to appear at an initial appearance to contest a violation and not pay the
12  fixed sum fine.  After Defendant elected not to pay the fixed fine ($380), his initial appearance
13  was scheduled for August 16, 2023.  (Doc. No. 2).  Due to Defendant's failure to appear for his
14  initial appearance, the Court assessed an additional $100 fine, and issued an abstract and bench
15  warrant.  (Doc. Nos. 3, 4).  Thereafter, Defendant filed the instant motion.

16  **APPLICABLE LAW AND ANALYSIS**

17       The Court liberally construes Defendant's *pro se* motion to dismiss as brought under
18  Federal Rules of  Criminal Procedure 12(b)(2) and 12(b)(3)(B)(v).  Rule 12(b)(2) permits the
19  Court at any time to hear a motion challenging the Court's jurisdiction.  Rule 12(b)(3)(B)(v)
20  permits the Court prior to trial to hear a motion that the charging document fails to state a claim.
21       **Jurisdiction**
22       Defendant does not dispute that the Violation Notice stem from events while he and his
23  vehicle were located within Yosemite National Park.  In *Collins v. Yosemite Park & Curry Co*.,
24  304 U.S. 518 (1938), the Supreme Court recounted the history of Yosemite National Park in
25  detail.  The law is clear the United States has sole and exclusive jurisdiction over the territory
26  encompassed within the Yosemite National Park.  16 U.S.C. § 57.  This Court thus has
27  jurisdiction over any alleged crimes committed within Yosemite National Park because it is
28  within the Special Maritime and Territorial Jurisdiction of the United States.  18 U.S.C. § 7(3).

*See also Wright v. United States*, 158 U.S. 232, 238 (1895) (noting jurisdiction is derived from "where such offense was committed."). By statute, federal district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. And this Court, specifically, has jurisdiction over all misdemeanor crimes. 18 U.S.C. § 3401. This Court therefore has jurisdiction to consider the offense for which Defendant was charged.

**Constitutionality of the Regulation**

Defendant generally argues the regulation is unconstitutional. The Court rejects this argument.

The Secretary of the Interior "acting through the Director of the Park Service, has broad authority under the National Park Service Organic Act (Organic Act), 39 Stat. 535, to administer both lands and waters within all system units in the country." *Sturgeon v. Frist*, 139 S.Ct. 1066, 1076 (2019) (*citing* 54 U.S.C. §§ 100751, 100501, 100102). "The Secretary 'shall prescribe such regulations as [he] considers necessary or proper for the use and management of System units.'" (*Id.*, *citing* § 100751(a)).

The Secretary has adopted regulations "for the protection of persons, property, and natural and cultural resources" set forth in 36 C.F.R. § 1.1 *et seq*. These regulations "apply to all persons entering, using, visiting, or otherwise within" Yosemite National Park. *Id.*, § 1.2(a).

Part 4 of Title 36 of the Code of Federal Regulations governs vehicles and traffic safety. Section 4.2 expressly incorporates state law for "traffic and the use of vehicle within the park area." 36 C.F.R. § 4.2. Thus, to the extent the regulations do not otherwise specially address an area, the California Vehicle Code shall apply. *Id.*; *See also* 18 U.S.C. § 13 (The Assimilative Crimes Act conforms the criminal law of a federal enclave, like Yosemite National Park, to that of the local law except in those instances where a specific federal crime has been set forth). Thus, a Ranger in Yosemite National Park could properly issue a citation for violations of California's State Vehicle Code to individuals in the Park, including CAL. VEH. CODES § 12500(a).

Further, any constitutionality challenge to the violation similarly fails. The Supreme Court has upheld driver's license requirements in *Bell v. Burson*, 402 U.S. 535, 539 (1971). And,

while Defendant does not specify which of his constitutional rights are violated, the Court liberally construes his argument to implicate the Fourth Amendment prohibition on unreasonable searches and seizures. The Supreme Court has held that "checking the driver's license... and inspecting the automobile's registration and proof of insurance" does not violate the Fourth Amendment. *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). Indeed, checks for license, registration and insurance serve the purpose of ensuring that vehicles on the roadways are being responsibly and safely operated. *Id*. at 349. *See also United States v. Mendez*, 474 F. 3d 1077, 1080 (9th Cir. 2007) (holding motorists' general expectations for a vehicle stop includes a record check). Based upon the foregoing and binding precedent, the Court finds no basis to dismiss the violation as unconstitutional.

**Failure to State a Claim**

Having established that this Court has jurisdiction and that the charges are constitutional, the Court must consider whether the challenged Violation Notice sufficiently allege violation of Title 36 § C.F.R 4.2(b), incorporating CAL. VEH. CODE § 12500(a). Section 12500(a) provides "[a] person may not drive a motor vehicle upon a highway, unless the person then holds a valid driver's license issued under this code, except those persons who are expressly exempt under this code."

When ruling on a pretrial motion to dismiss, "the district court is bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). A "motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence" and courts "should not consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (internal quotations omitted). Courts ask only whether a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence." *Boren*, 278 F.3d at 914 (citation omitted).

Based upon the probable cause statement in support of the Violation Notices, the Court finds the Government has made a sufficient showing as to the Violation Notice to proceed past a motion to dismiss. The Court consequently rejects Defendant's argument that the Violation

4

Notices fail to state a claim.

Finally, Defendant seeks discovery in this action. Under this Court's Local Rules, the Court orders the government to produce discovery within fourteen (14) days after a defendant's initial appearance and arraignment. Local Rule 440(a). Thus, the Court will reset this case for Defendant's initial appearance for June 17, 2025 at 1:00 P.M., after which the Court will order any discovery due to Defendant be provided by the government.

Accordingly, it is **ORDERED**:

1. Defendant's motion (Doc. No. 5 ) is DENIED in its entirety.

2. The Court resets Defendant's initial appearance **for Tuesday, June 17, 2025 at 1:00 P.M. in Yosemite.**

3. In lieu of appearing at his initial appearance, Defendant may elect to pay the total collateral fine ($480) to the Central Violations Bureau prior to the June 16, 2025. If Defendant elects to pay the collateral fine, the Court will recall the bench warrant and abstract and vacate the initial appearance.

Dated:    April 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE